JUAN ZALDUONDO VEVE ET ALS., peticionarios y apelados, *v.* MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, recurrido y apelante.

No. 6724.—*Sometido:* Junio 28, 1934. *Resuelto:* Julio 28, 1934.

---

* NOTA: Véase el prefacio.

*Hon. Procurador General Benjamin J. Horton y R. Cordovés Arana,
Subprocurador, abogados del apelante; E. Campos del Toro, abo-
gado de los apelados.*

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión
del tribunal.

En 16 de marzo de 1930 falleció en Fajardo doña Jose-
fina Veve y Díaz, dejando ciertos bienes consistentes en va-
rias fincas radicadas en los pueblos de Ceiba, Fajardo y Lu-
quillo. José Vahamonde, administrador judicial de los bie-
nes referidos, satisfizo al Tesoro Insular las contribuciones
adeudadas al fallecimiento de la Sra. Veve y Díaz, correspon-
dientes a los años 1928–29 y 1929–30, y además las corres-
pondientes al año económico 1930–31.

En 18 de noviembre de 1933 los herederos en unión del
administrador judicial, notificaron al Tesorero de Puerto Rico
la muerte de dicha señora, presentaron los recibos creditivos
de haber sido pagada la contribución territorial hasta el año
1931, y solicitaron la liquidación de la contribución de heren-
cia, que ofrecieron pagar, y la expedición del recibo corres-
pondiente.

Negóse el Tesorero demandado a satisfacer los deseos de
los peticionarios, fundando su negativa en que, de acuerdo
con lo dispuesto por el artículo 5 de la Ley 99 de 1925 (pág.
791), titulada ''Ley para modificar y ampliar la contribución
sobre transmisión de bienes por herencia, y para otros fines'',
dichos peticionarios tienen el deber de acompañar el último
recibo de la contribución territorial, creditivo de haberse pa-
gado las contribuciones adeudadas hasta el año 1933–34.

Basándose en esos hechos y en que la negativa del Te-

sorero impide a los peticionarios pagar la contribución de herencia e inscribir sus bienes en el registro de la propiedad, y en que es de urgente necesidad la inscripción para poderlos hipotecar y obtener los fondos necesarios a fin de hacer efectivo el pago de las contribuciones sobre la propiedad correspondiente a los años 1931–32, 1932–33 y 1933–34, los referidos peticionarios solicitaron de la Corte de Distrito de Humacao que por medio de un auto de *mandamus* ordenara al Tesorero que expidiera el recibo correspondiente a la contribución de herencia que ofrecieron pagar los interesados.

Oídas las partes, la corte inferior declaró con lugar la solicitud de *mandamus* y ordenó al tesorero que procediese a liquidar el importe a satisfacer por concepto de contribución de herencia, recibiendo dicho importe en pago de la contribución y expidiendo el recibo correspondiente.

De esta sentencia apeló el Tesorero, atribuyendo a la Corte sentenciadora tres errores que pueden condensarse en uno solo. Se alega que la corte de distrito erró al declarar insuficientes las razones aducidas por el apelante oponiéndose a la expedición de un auto de *mandamus* y al resolver que la Ley No. 99, de agosto 29 de 1925, únicamente exige el pago por los herederos de las contribuciones que pesan sobre los bienes relictos a la fecha de la muerte del causante.

La única cuestión a resolver en este caso ha sido abiertamente planteada por las alegaciones y la argumentación escrita de las partes interesadas. Los demandantes mantienen el criterio de que únicamente están obligados a pagar las contribuciones adeudadas al tiempo de ocurrir la defunción del causante; el demandado opina que deben pagarse todas las contribuciones adeudadas al tiempo de hacerse la notificación.

La corte sentenciadora entiende que de acuerdo con el artículo 5 de la Ley No. 99 de 1925 es absolutamente claro que las contribuciones a pagar son únicamente las adeudadas en la fecha de la muerte del causante, las cuales deben ser satisfechas *por entero* antes de expedir el Tesorero el recibo co-

rrespondiente por la contribución de herencia. La corte inferior subraya y da énfasis a las palabras de la ley disponiendo que se trasmita al Tesorero un recibo de contribuciones *en prueba de que se ha pagado por entero sobre dichos bienes la contribución sobre la propiedad impuesta por este título.*

El demandado apelante arguye que en ninguna parte de la ley se dice que las contribuciones que deban satisfacerse sean las que se adeudan a la fecha de la muerte del causante y sostiene que con la notificación de defunción debe acompañarse el último recibo de la contribución impuesta sobre los bienes relictos, es decir, el recibo que acredite que se ha pagado por entero la contribución sobre la propiedad impuesta por el título noveno del Código Político, que comprende el capítulo primero, que se refiere a contribuciones sobre la propiedad. El artículo 5 de la Ley No. 99 de 1925 es una copia literal del artículo 372 del Código Político. Por eso dice la ley que se trasmitirá un recibo de contribución en prueba de que se ha pagado por entero sobre dichos bienes la contribución impuesta por *este título.* Las palabras "este título" se refieren al título noveno del Código Político, que en su capítulo primero trata de la contribución sobre la propiedad, en el segundo de arbitrios, y en el tercero de la contribución sobre herencia. Esas palabras no pueden referirse a la Ley No. 99 que consta de diez y seis artículos y no contiene división alguna en títulos o capítulos.

La contribución sobre la propiedad, materia de que trata el capítulo primero del título onceno del Código Político, se impone sobre los bienes muebles e inmuebles existentes en cada uno de los municipios de la isla a nombre de su dueño el día 15 de enero de cada año y a base de años fiscales que comienzan el día primero de julio de un año natural y terminan el día 30 de junio del siguiente año natural. Las contribuciones así impuestas serán pagaderas semestralmente por adelantado los días primeros de julio y enero de cada año. La contribución impuesta por el corriente año económico y

por los tres años económicos anteriores constituye un gravamen preferente a cualesquiera otros gravámenes que pesen sobre la propiedad. Esta contribución constituye una carga real superior a cualquier otra. No ocurre así con los gravámenes anteriores, y por esta razón arguye el demandado apelante que el Tesoro Insular no quedaría suficientemente garantido si no se exigiese el pago de las contribuciones adeudadas en el momento de notificarse la defunción.

Copiamos a continuación el artículo 5 de la referida Ley que sirvió de base a la corte inferior para pronunciar su sentencia y cuya interpretación ha sido ampliamente discutida por las partes desde sus respectivos puntos de vista:

"Será deber de todo administrador, albacea o fideicomisario, o de cualquiera de ellos que actúe en Puerto Rico, y de cualquier subadministrador, agente o persona autorizada legalmente para administrar los bienes o cualquiera parte de ellos en Puerto Rico, trasmitir al Tesorero de Puerto Rico, sesenta días después del fallecimiento de la persona a quien representen, una notificación jurada de dicho fallecimiento, haciendo constar claramente en ella el nombre y residencia del referido difunto; la fecha del fallecimiento; si muere intestado, y, en caso contrario, el nombre del notario en cuyo protocolo radique el testamento; y tan exactamente como sea posible, el montante, valor, descripción y situación de los bienes del difunto; los nombres y grados de parentesco de los herederos, mandatarios y legatarios, y la parte proporcional y descripción de los bienes que a cada uno correspondan; los nombres de todos los administradores, albaceas o fideicomisarios de los bienes de dicho difunto, y con dicha notificación se trasmitirá adjunto un recibo de contribución, en prueba de que se ha pagado por entero sobre dichos bienes la contribución sobre la propiedad impuesta por este título. Y cualquier administrador, albacea o fideicomisario que deje de suministrar al Tesorero dicha notificación, dentro del plazo aquí especificado, será considerado culpable de un delito menos grave, y si resultare convicto de él, incurrirá personalmente en multa de cien (100) a mil (1,000) dólares."

El artículo anteriormente transcrito dispone la transmisión al Tesorero de un recibo donde se acredite que se ha pagado por entero la contribución. La ley protege al Pueblo de Puerto Rico con el propósito evidente de ofrecerle las

necesarias garantías para que sus derechos a cobrar la contribución en toda su integridad no puedan ser afectados. El artículo 11 de la Ley No. 99 impone al Tesorero la obligación de expedir recibos especiales por triplicado al pagarse la contribución de herencia. El artículo 12 dice:

"Ningún tribunal aprobará la división o distribución de los bienes de ningún fallecido, ni permitirá la liquidación final de las cuentas de ningún albacea, administrador, fideicomisario o persona que administre cualesquiera bienes, a menos de haberse presentado y exhiban el recibo o los recibos especiales, según lo dispuesto en el artículo 11 de esta Ley; y ningún notario expedirá, autorizará o certificará instrumento alguno de sentencia, división o distribución, enajenación o hipoteca de bienes, a menos de haberse presentado dicho recibo o recibos, expedidos por el Tesorero; y ningún registrador inscribirá en ningún registro a su cargo, instrumento alguno ni fallo, sentencia o auto judicial autorizado, dictado o emitido en relación con la división, distribución o entrega de dichos bienes, a menos de haberse presentado el recibo o recibos expedidos por el Tesorero . . ."

A tenor de lo que dice este artículo, queda prohibida la aprobación de la división o distribución de los bienes y la liquidación de las cuentas de albaceazgo y administración, mientras no se exhiban los recibos a que se refiere el artículo 11; pero una vez expedidos estos recibos, las partes pueden obtener la aprobación de las operaciones mencionadas. Los mismos herederos así lo confiesan, cuando dicen que necesitan los recibos para inscribir los bienes a su nombre a fin de poderlos hipotecar. El propósito de la ley no puede ser autorizar operaciones que obstaculicen o impidan que El Pueblo de Puerto Rico pueda sujetar toda la propiedad al pago de las contribuciones, sin tener que limitarse a cobrar las que correspondan al corriente año económico y a los tres años económicos transcurridos con anterioridad como pudiese ocurrir en caso de que mediasen terceras personas.

En el presente caso el administrador del caudal hereditario y los propios herederos han permanecido más de tres años y medio, cerca de cuatro años, en completa inactividad,

sin dirigirse al Tesorero de Puerto Rico para notificarle la defunción de la señora Veve y Díaz y cumplir con las demás disposiciones de la ley. Esta notificación ha debido hacerse sesenta días después de ocurrido el fallecimiento. La violación de la ley por parte de los interesados no puede relevarles del deber de pagar todas las contribuciones. El propósito de la ley es asegurar el pago de dichas contribuciones antes de que se distribuyan los bienes entre los herederos y se inscriban a su nombre y puedan disponer de los mismos en perjuicio de los intereses del Pueblo de Puerto Rico. El hecho de que se haya fijado un plazo para notificar al Tesorero y que este mandato legislativo haya quedado incumplido no autoriza a los herederos para dar al traste con el propósito de la ley, asegurándose el medio de inscribir los bienes a su nombre, sin haber exhibido un recibo del pago de las contribuciones, según lo dispone expresamente la ley. El Tesorero no está obligado a reconocer por escrito que se ha cubierto toda la contribución de herencia mientras no se le exhiba un recibo de haberse pagado por completo todas las contribuciones.

El artículo 332 del Código Político pone de relieve el espíritu que anima a nuestra Asamblea Legislativa en lo que respecta al cobro de las contribuciones que pesan sobre los bienes de una persona que ha fallecido. Este artículo dispone que "ningún albacea ni administrador de los bienes de un fallecido dividirá o distribuirá dichos bienes, hasta después que todas las contribuciones vencidas hayan sido satisfechas, y ningún registrador inscribirá ningún documento de adjudicación o participación de la propiedad de ningún fallecido por la cual no hayan sido satisfechas las contribuciones correspondientes."

La Ley No. 20, aprobada en 27 de abril de 1933 (Leyes de 1932–1933, pág. 233), agrega un artículo a la Ley No. 99, denominado artículo 5 a, que dice así:

"En el caso de que los herederos, mandatarios y legatarios carecieran de dinero en efectivo para pagar las contribuciones sobre la propiedad de propiedades trasmitidas en herencia y para pagar la contri-

bución de herencia impuesta por esta Ley, el Tesorero de Puerto Rico queda autorizado para permitir al albacea, administrador o fideicomisario que venda la parte de los bienes relictos que fuere necesariamente indispensable a fin de allegar fondos suficientes para el pago de las referidas contribuciones y el registrador de la propiedad queda autorizado, en estos casos, a inscribir los documentos que al efecto se libren.''

El artículo que antecede es una prueba evidente de que nuestra Legislatura parte de la base de que, mientras no se pague la contribución de herencia y las contribuciones sobre la propiedad, no puede disponerse de los bienes hereditarios. Y es claro que si el propósito de la ley es impedir que se traspasen estos bienes sin haberse satisfecho previamente la contribución, no debe colocarse a los herederos en condiciones de realizar lo que la misma ley trata de evitar.

La corte inferior, en su opinión, cita la sanción penal contenida en el artículo 5, en virtud de la cual si el administrador, albacea o fideicomisario dejase de suministrar al Tesorero la notificación, incurrirá en *misdemeanor,* así como las disposiciones del artículo 9 de la propia ley, al efecto de que de no pagarse la contribución de herencia que se imponga dentro de un año contado desde la fecha del fallecimiento del causante, se cargarán y cobrarán intereses sobre ella al tipo del 10 por ciento. No vemos la relación que pueda tener esta penalidad con el alcance y extensión de la disposición de la ley requiriendo prueba de que se ha pagado por entero la contribución sobre la propiedad. Estas penalidades no aminoran ni extienden la obligación de pagar que siempre subsiste en toda su integridad.

■■ Además, el auto de *mandamus* debe ser expedido por la Corte en el ejercicio de una sana discreción. Es un remedio que se concede para reparar agravios inferidos en violación de la ley, no para estimular que se violen sus preceptos. A pesar de su carácter rígido y severo, no puede decirse que este procedimiento sea completamente ajeno a los principios de equidad. No debe invocar este remedio extraordinario quien ha violado la misma ley bajo cuyos pre-

ceptos pretende ampararse. No es de esperarse que una corte de justicia expida un auto de *mandamus* para proteger los derechos de una parte que no ha cumplido con los deberes que le han sido impuestos, con perjuicio de los derechos del Pueblo de Puerto Rico. *Maisonave* v. *Domenech, Tesorero,* 45 D.P.R. 247.

Ahora bien, hemos visto que la enmienda de 1933 autoriza al Tesorero para permitir al albacea, administrador o fideicomisario la venta de parte de los bienes relictos que fuere necesariamente indispensable a fin de allegar fondos suficientes para el pago de las contribuciones sobre la propiedad. Con este único y exclusivo fin puede permitirse la venta. Se ofrece, mediante esta disposición, a los herederos y al Tesoro Insular un medio de ponerse de acuerdo, obviar dificultades y facilitar el pago de las contribuciones, aunque se hayan originado con anterioridad a la aprobación de la ley.

Los peticionarios alegan que tienen urgente necesidad de hipotecar los bienes para levantar fondos necesarios a fin de pagar al propio Tesorero de Puerto Rico las contribuciones adeudadas, así como otras deudas relacionadas con la partición de bienes. Siendo ello así, no debe haber dificultad para llegar a un acuerdo que garantice los derechos del Pueblo de Puerto Rico y facilite a los peticionarios los medios de obtener los fondos que necesiten para realizar su propósito. Los hechos alegados demuestran que no hay desacuerdo entre las partes. Los peticionarios desean pagar y el demandado desea hacer efectivos los créditos del Tesoro Insular. Únicamente hace falta que surja una fórmula conciliadora que armonice ambos intereses, y facilite la realización del objetivo perseguido por una y otra parte, que es el pago de las cantidades que se adeudan al Tesoro Insular.

*Debe revocarse la sentencia apelada y dictarse otra en su lugar desestimando la solicitud, sin especial condenación de costas.*

El Juez Asociado Señor Wolf disintió.*

---

* NOTA: Véase el prefacio.