Sucesión de Mario L. Mercado Parra, demandante y recurrida, *v.* Secretario de Hacienda, demandado y recurrente.

*Número:* R-64-139      *Resuelto:* 28 de septiembre de 1965

*J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados del recurrente; *Charles R. Cuprill* y *Pedro M. Porrata,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Mario Luis Mercado Parra falleció el 27 de septiembre de 1952 sin haber otorgado testamento. Sus únicos herederos son sus padres don Mario Mercado Riera y doña María Luisa Parra Capó. El día 3 de enero de 1957, estando aún bajo el período de administración y sin haberse efectuado la partición de los bienes de la Sucesión de Mario Luis Mercado Parra ni haberse liquidado ni pagado la contribución sobre herencia correspondiente, se otorgó un contrato privado entre la mencionada sucesión, representada por su administrador judicial, y las señoras Eufemia Eileen Mercado Parra y Adriana Luisa Mercado Parra y sus respectivos esposos, Murray O'Hanlon y Patrick J. Wilson. Mediante dicho contrato, que también fue firmado por los herederos, la sucesión cedió a los esposos O'Hanlon-Mercado y Wilson-Mercado un 33⅓% para cada uno de ellos, de los derechos de arrendamiento que tenía el causante Mario Luis

Mercado Parra en las fincas Alomar, Porvenir, Macona, Guarema, Florida y Rivera, y en las utilidades de las mismas, comprometiéndose los adquirentes a explotar—como una empresa común constituida con la Sucesión de Mario Luis Mercado Parra—las fincas antes mencionadas. La sucesión aportó unos condominios en las Haciendas Florida y Rivera, el remanente de sus derechos de arrendamiento y el equipo agrícola existente en las mencionadas fincas.

A partir del año 1957 la sucesión comenzó a informar sus ingresos para cada año contributivo siguiente, inclusive ése, en dos planillas, una bajo el nombre de "Sucesión de Mario L. Mercado Parra" y la otra, como empresa común, bajo el nombre de "Sucesión de Mario L. Mercado (Empresa Agrícola)".

El Secretario de Hacienda no reconoció la empresa común (*"joint venture"*) así constituida. En consecuencia, le imputó a la Sucesión de Mario Luis Mercado Parra, como contribuyente individual, los ingresos de la fase agrícola correspondientes a los años 1957, 1958 y 1959, que fueron declarados en planillas independientes y separadas por la Sucesión de Mario L. Mercado (Empresa Agrícola). La deficiencia contributiva ascendió a $90,912.69.

No conforme la contribuyente con dicha determinación, recurrió para ante el Tribunal Superior de Puerto Rico, Sala de San Juan, y dicho Tribunal dictó sentencia declarando con lugar la demanda y ordenando la anulación de las deficiencias notificadas. Accedimos a revisar dicha sentencia.

En el primer señalamiento se alega que el tribunal sentenciador resolvió erróneamente que los derechos de arrendamiento no forman parte del caudal hereditario tributable.

La Ley de Contribuciones sobre Herencias y Donaciones requiere que el administrador, subadministrador, albacea, fideicomisario, agente, o persona autorizada para administrar los bienes de un fallecido, envíe al Secretario de Ha-

cienda una notificación del fallecimiento del causante conteniendo, entre otras cosas, el montante, valor, descripción y situación de los bienes del difunto. 13 L.P.R.A. sec. 893. Es precisamente el valor de estos bienes lo que se toma en consideración a los fines de la imposición de la contribución sobre herencia. Procede por lo tanto determinar qué clase de bienes son los que se incluyen en la antes mencionada notificación.

La Sec. 882 del Título 13 de L.P.R.A. contiene una serie de definiciones de palabras que se usan en la Ley de Contribuciones sobre Herencias y Donaciones. Entre esas definiciones está la de la palabra "bienes" que lee como sigue:

"En la presente Ley la palabra . . . 'bienes' o 'propiedad' incluirá tanto 'bienes raíces' como 'bienes muebles y semovientes' y *cualquiera forma de participación en ellos,* incluyendo rentas vitalicias o anualidades de cualquiera forma o clase, así como el usufructo, la nuda propiedad o cualesquiera clase de derechos y acciones." (Subrayado nuestro.)

A la luz de esta definición pueda verse que se incluyen en la palabra "bienes" no sólo los objetos materiales que una persona posea, sino también un hecho al cual se pueda tener derecho o una acción que puede hacerse valer. Siendo el arrendamiento el derecho de usar o gozar de una cosa debe considerarse como un "bien" que forma parte del caudal hereditario cuando dicho arrendamiento tiene un valor real en el mercado. *P.R. Drydock* v. *Srio. de Hacienda,* 85 D.P.R. 735 (1962); *Berrocal* v. *Tribl. de Distrito,* 76 D.P.R. 38 (1954).

En el contrato de arrendamiento el arrendatario tiene derecho al valor real del uso y ocupación de los bienes arrendados por el término no vencido del contrato. En los casos de expropiación forzosa hemos reconocido el derecho del arrendatario de los bienes expropiados a ser indemnizado por el valor en el mercado de su contrato de arrendamiento y para fijar la indemnización hemos usado como medida el valor del

uso y ocupación de los bienes arrendados por el resto del término del contrato menos el canon de arrendamiento estipulado. *Pueblo* v. *McCormick, Alcaide y Cía.*, 78 D.P.R. 939 (1956); *Estado Libre* v. *Baldrich*, 79 D.P.R. 680 (1956). Cuando formando parte del caudal hereditario hay arrendamientos no vencidos, los herederos reciben el derecho al uso y disfrute de los bienes arrendados por su causante por el resto del término del contrato de arrendamiento, y tal derecho es claramente un "bien" a los fines de la Ley de Contribuciones sobre Herencias y Donaciones—13 L.P.R.A. sec. 882— y por tanto, contrario a lo que erróneamente resolvió el tribunal sentenciador, sujeto a tributación.

En el segundo y tercer señalamiento se señala que el tribunal de instancia erró al resolver que mediante el contrato privado de 3 de enero de 1957 los herederos no enajenaron ni gravaron bienes pertenecientes a la sucesión de Mario Luis Mercado Parra y asimismo que erró al resolver que la contribuyente no violó la Ley de Contribuciones sobre Herencias y Donaciones porque no se trataba de la distribución, enajenación o hipoteca de bienes del finado prohibidos por la Sec. 12 de dicha ley.

■ El arrendatario puede traspasar el goce o uso de la cosa arrendada mediante subarrendamiento o la cesión. La cesión del arrendamiento es la trasmisión que el arrendatario hace a tercero de sus derechos o posición jurídica arrendaticia. "En la cesión el arrendatario trasmite en absoluto su derecho, su personalidad desaparece, quedando solamente en la relación jurídica, dos personas, el arrendador y el cesionario que se convierte en arrendatario." 10 Manresa, *Código Civil*, 5ta. Ed. Revisada (1950), pág. 510.

La transacción habida en este caso entre la sucesión y las terceras personas no puede considerarse, según arguye la recurrida, como una mera aportación de bienes a una empresa para su explotación. Jurídicamente hubo un desapoderamiento

de bienes por parte de la sucesión a favor de las hermanas Mercado Parra.

En realidad el Secretario de Hacienda no rechazó la existencia de la empresa común (*"joint venture"*) a los fines contributivos, a base de que se trata de una unidad familiar que carece de existencia genuina (*"reality"*) bien porque algunos de sus miembros no han contribuido con capital o porque no prestan como cuestión de hecho servicios vitales a la empresa o por alguna de las muchas otras razones similares por las cuales no se ha reconocido la empresa común que ha sido creada a los únicos fines de obtener ventajas en la responsabilidad contributiva que recae sobre el ingreso individual de los supuestos socios. Véase Merten's *Law of Federal Income Taxation*, Vol. 6, § 35.09, págs. 125 y siguientes. El Secretario de Hacienda más bien fundó su negativa a reconocer en este caso la empresa común en que (a) el administrador judicial violó el Art. 10 de la Ley de Contribuciones sobre Herencias y Donaciones porque cedió bienes de la herencia sin antes haberse satisfecho la contribución correspondiente que impone la referida ley, y (b) en que en la contratación efectuada entre el administrador judicial de la Sucesión de Mario Luis Mercado Parra y los cesionarios no se observaron las disposiciones del Código de Enjuiciamiento Civil que estatuyen el procedimiento para la administración, disposición, etc., de los bienes del finado.

■ Es cierto, según arguyen los recurridos, que en el caso de *Quiñones Quiñones* v. *Quiñones Irizarry*, 91 D.P.R. 225 (1964), dijimos que la Ley de Contribuciones sobre Donaciones y Herencias no impone al heredero la prohibición de disponer de los bienes hereditarios antes de satisfacerse las contribuciones correspondientes y que dicha prohibición más bien va dirigida a los tribunales, a los notarios y a los Registradores de la Propiedad, aunque desde luego, y a pesar de lo que dijimos en dicho caso, el fin que persigue la ley es el de que no se haga disposición alguna de los bienes hereditarios

si previamente no se ha pagado la contribución sobre donaciones y herencias. Cf. *Zalduondo* v. *Domenech*, 47 D.P.R. 363 (1934). Es cierto también que el derecho del heredero a la herencia nace al ocurrir el fallecimiento de su causante, pudiendo él desde ese momento enajenar sus derechos y acciones en ella, según hemos resuelto, entre otros casos, en el de *Torres* v. *Registrador*, 75 D.P.R. 128 (1953). Sin embargo, los bienes hereditarios cedidos en el presente, fueron bienes determinados y específicos de una herencia bajo administración judicial, realizada dicha cesión por el administrador judicial y los herederos sin autorización del Tribunal, a pesar de que dichos bienes se encontraban en *custodia legis*. *Aponte & Sobrino* v. *Sucn. Pérez*, 48 D.P.R. 449 (1935); *Mercado* v. *Corte*, 62 D.P.R. 368 (1943). La actuación del Administrador Judicial al ceder en unión a los herederos los derechos de arrendamiento pertenecientes al caudal hereditario, violó las disposiciones del Art. 10 de la Ley de Contribuciones sobre Herencias y Donaciones, que dispone . . . "ningún administrador, albacea, fideicomisario u otra persona, que administre cualquiera bienes, pagará o *entregará* legado determinado ni bienes sujetos a dicha contribución, a persona alguna, hasta después de haber cobrado la contribución que corresponda; . . . ." (Subrayado nuestro.) Por otro lado, el Código de Enjuiciamiento Civil dispone el procedimiento a seguirse para la venta y disposición de los bienes hereditarios bajo administración judicial. Arts. 571, 579, 576 y 578 de dicho Código (32 L.P.R.A. secs. 2431, 2439, 2436 y 2438 respectivamente). Dicho procedimiento se ha establecido en interés de los herederos, acreedores y legatarios. De los autos surge que hay acreedores de la sucesión de don Mario Luis Mercado Parra, por cuantiosas sumas, y que entre esos acreedores figura también el Estado Libre Asociado. Estos acreedores no dieron su consentimiento a los herederos de D. Mario Luis Mercado Parra para ceder bienes de la herencia a terceras personas y con las cuales se intentó crear una entidad contributiva

distinta a dicha sucesión. En tales circunstancias, el Secretario de Hacienda no venía obligado a reconocer, a los fines de la Ley de Contribuciones sobre Ingresos, la entidad así creada, con el nombre de "Sucesión de Mario L. Mercado (Empresa Agrícola)". En su consecuencia erró el Tribunal de instancia al anular las deficiencias contributivas objeto de este litigio.

*Se revocará la sentencia que motiva este recurso y en su lugar se dictará otra, declarando sin lugar la demanda y sosteniendo la validez de las deficiencias notificadas a la "Sucesión de Mario L. Mercado Parra".*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Belaval no intervinieron.