In the Matter of AMERICAN PACKERS EXCHANGE INC., Bankrupt.

Petition of Laurence GREENBURG, Petitioner, Appellant.

No. 71-1190.

United States Court of Appeals, First Circuit.

Nov. 9, 1971.

Robert F. White, Boston, Mass., with whom Sherburne, Powers & Needham, Boston Mass., was on the brief, for appellant.

Daniel M. Glosband, Boston, Mass., with whom Widett & Kruger, Boston, Mass., was on the brief, for the Trustee In Bankruptcy, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Petitioner-appellant, Laurence Greenburg, appeals from the district court's affirmance of a turnover order issued by the Referee in Bankruptcy. At issue are certain records of the bankrupt corporation, American Packers Exchange Inc., which are sought by the Trustee in Bankruptcy. The referee found that Greenberg, the president, treasurer, manager, and sole shareholder of American Packers, was in possession of these records on June 5, 1970, and ordered

their delivery to the trustee on that date.[1] Greenburg petitioned the district court for review of this order, contending, as he does in this appeal, that the referee's finding of present possession in contrary to the evidence and the law.

American Packers was engaged in the business of buying and selling meat and fish products. The corporation operated from an office but had no place of business where merchandise was kept. It stored its merchandise in commercial freezers pending resale, or sold imported merchandise while still in transit or upon arrival at a dock. Following an involuntary petition filed on May 8, 1969, the corporation was adjudicated bankrupt on May 21. Attorney Robert Robinson was appointed receiver on May 27, and the trustee was appointed on September 3. Following the bankruptcy, Greenburg started a similar business in the same office.

The trustee's petition to compel turnover specifically sought the bankrupt's inventory records as of November 30, 1968, and the sales invoices from October 12, 1968, to May 8, 1969. These records are being sought to explain a very substantial depletion in the corporation's inventory.[2] Following three hearings in which six witnesses testified, the referee ordered the turnover of these records. The evidence adduced at the hearings is complex and contradictory and need only be outlined here.

Robinson, the receiver, made several visits to the office of American Packers. On June 9, 1969, he removed some of the bankrupt's records. On two subsequent occasions, October 20 and 30, he removed additional records. On each occasion he left detailed receipts of the materials removed. No receipt mentions the items sought herein, but Greenburg maintains that he possessed no further records of the bankrupt corporation.

With respect to the sales invoices, Greenburg acknowledged that they were never given to Robinson. The testimony of employees establishes that these invoices were made for every sale and stored in cartons in the office. One employee testified that she saw these cartons in the bankrupt's office in August 1969. With regard to the November 30, 1968, inventory sheets, the evidence indicates that they were used by the corporation's accountant in December of 1968, and returned in January to a file marked "Inventories" in the file cabinet of American Packers. Greenburg claimed to have seen this file in one of the boxes taken by Robinson on January 9 but not to have examined its contents. There was evidence that none of the bankrupt corporation's records were destroyed, discarded, stolen, or given to anyone but Robinson.

 The primary condition underlying turnover relief is possession of the property at the time of the order. The burden of proving possession rests on the trustee, and the evidence must be "clear and convincing." Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948). In reviewing the turnover order, this court is bound by the referee's findings unless they are clearly erroneous. First National Bank of Clinton v. Julian, 383 F.2d 329, 333 (8th Cir. 1967); In Re Goldman, 62 F.2d 421, 425 (1st Cir. 1932). The presumption in favor of the referee's findings is especially strong where, as here, they turn largely on determinations of credibility. Jue v. Bass, 299 F.2d 374 (9th Cir. 1962). The record in the instant

---

1. On October 13, 1970, the June 5 order was remanded to the referee by the district court on a previous petition to review brought by Greenburg. The remand required the referee to supplement his certificate and expand his findings of fact to satisfy Rule 52(a), Fed.R.Civ.P. The amended findings and an order identical to that of June 5 were filed on February 2, 1971. The remand did not vacate the June 5 order, and that remains the date of the order's entry.

2. The inventory value on November 30, 1968, as reflected in the income tax return of American Packers, was $481,751. Although purchases of inventory continued until bankruptcy, the inventory was valued in the bankrupt's schedules at $3,000.

 

case amply supports the conclusions that the sales invoices were in the bankrupt's office as of August 1969, and the inventory sheets as of June 1969.[3]

The crucial question is whether this possession by the bankrupt corporation which Greenburg controlled, can support a finding of possession on June 5, 1970, the date of the turnover order. The inference of current possession from prior possession, while not a rigid presumption, is permissible where factors other than the prior possession alone make the inference reasonable and fair. Maggio v. Zeitz, *supra*.

"Turnover orders should not be issued or affirmed on a presumption thought to arise from some isolated circumstances, such as onetime possession, when the reviewing court finds from the whole record that the order is unrealistic and unjust." *Id.* 333 U.S. at 66, 68 S.Ct. at 406.

Looking at the record as a whole, we find the inference of possession on June 5, 1970, to be warranted not merely by prior possession. The unexplained "disappearance" of documents[4] which could shed light on a large inventory depletion, coupled with Greenburg's operation of a similar business immediately after the bankruptcy and his general lack of credibility[5] support the referee's finding of possession on the date of the turnover order. The time lapse between prior possession and the order is insufficient to overcome these factors.

The order was just and reasonable, and was adequately supported by the evidence. The referee's findings as to the accuracy of the records in question are irrelevant to the turnover order.

Affirmed.

---

3. The evidence regarding the sales invoices is stated above. With respect to the inventory sheets of November 20, 1968, they were placed in a file in the office of American Packers, and there is no allegation that the file was destroyed, discarded, or removed prior to June 9, 1969. Greenburg's testimony that he saw the file on June 9 in a box taken by Robinson can be believed or disbelieved without destroying the finding of possession on that date.

4. Greenburg cannot account for the sales invoices or the secondary records on which the inventory was based. He claims that Robinson took a file marked "Inventories" which he assumed contained the November 30, 1968, inventory sheets. Robinson denies ever receiving these sheets, and no inventory file appears on the receipts he gave.

5. Greenburg's testimony was internally confusing and inconsistent. For example, he admitted but later denied having signed the November 30 inventory. He claimed to have seen the inventory sheets before they were prepared. And after stating unequivocally that he retained none of the bankrupt's records, he acknowledged still having several of its sales books, the dates of which he could not recall.