GEORGE BLASINI STERN, demandante, *v.* BEECH–NUT LIFE SAVERS CORP., demandada.

*Número:* O-75-428        *Resuelto:* 26 de enero de 1976

*Antonio Zapater Cajigas,* abogado del demandante; *Reichard & Coldberg* y *Federico Cádiz Legrand,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.*

San Juan, Puerto Rico, a 26 de enero de 1976

Este caso debe resolverse exclusivamente bajo el principio de transmisibilidad del contrato de subarriendo, cesión a la

---

(*) NOTA DEL COMPILADOR: En este caso, con fecha 26 de enero de 1976, el Tribunal Supremo emitió la siguiente providencia judicial:

"RESOLUCIÓN

San Juan, Puerto Rico, a 26 de enero de 1976

En atención a una solicitud de certificación de la Corte de Distrito de los Estados Unidos para Puerto Rico y a tenor de la Regla 53 de Procedimiento Civil, según enmendada por Ley Núm. 13 de 8 de agosto de 1974, por tener dicho tribunal ante su consideración este caso en el cual surgen cuestiones de derecho local determinantes en la causa de acción sobre las cuales no existen precedentes claros en las decisiones del Tribunal Supremo de Puerto Rico, remítase por el Secretario a la Corte Federal copia certificada de la opinión emitida hoy por este Tribunal y de la opinión concurrente del Juez Presidente en la que concurren los Jueces Asociados Señores Rigau y Torres Rigual.

que no puede oponerse la subarrendataria Beech-Nut por hallarse vinculada al arrendador Blasini desde que se inició el subarriendo, en virtud de claras disposiciones del Código Civil. No consideramos aplicable el principio de confusión de derechos, citado como fundamento en la opinión concurrente ya que la confusión de derechos es causa de extinción de la obligación (Art. 1146 del Código Civil—31 L.P.R.A. sec. 3211) aunque limitada a Blasini y Uni-Coop., y por el contrario lo que ahora resolvemos es que el subarriendo no se extingue sino que subsiste como contrato válidamente cedido al dueño arrendador. La configuración evidente del contrato de cesión de subarriendo hace otro tanto innecesario invocar la novación, usualmente también causa de extinción (Art. 1158 del Código Civil y ss.).

Mediante contrato suscrito en el año 1967 Blasini Stern dio en arrendamiento por término de 15 años a Cooperativas de Consumo (Uni-Coop) un solar y almacén y en septiembre de 1971 ésta subarrendó una parte del inmueble a Beech-Nut por término de cinco años. Al acogerse Uni-Coop a un procedimiento de quiebra, la Corte aprobó una estipulación en la que el arrendador Blasini y su arrendataria Uni-Coop dieron por terminado el contrato entre ellos, expresamente dejando a salvo el subarriendo a Beech-Nut.[1] Notificada ésta de la salida de Uni-Coop continuó pagando el canon de subarriendo a Blasini hasta abril de 1974 en que notificó su deseo de ter-

---

Notifíquese además a las partes de conformidad con Regla 27(g) de nuestro Reglamento.

Lo acordó el Tribunal y certifica el Secretario.

(Fdo.) Angel G. Hermida
*Secretario*"

[1] La cláusula específica dispone:

"6. The appearing parties George Blasini Stern and Vivienne Cortada de Blasini assume all rights and obligations under the aforementioned sublease with Beech-Nut Life Savers Corp. and release Debtor of all and any obligations under the same."

minar el contrato. Cuando Blasini les recordó que el suba-
rriendo no expiraba hasta el 15 de septiembre de 1976 y que
quedaba un balance de más de dos años por correr, Beech-Nut
alegó que la rescisión estipulada del arrendamiento original
entre Blasini y Uni-Coop tuvo el efecto de extinguir el suba-
rrendamiento, quedando solo un arrendamiento de mes a mes
entre Blasini y Beech-Nut, y desalojó el local. Blasini inter-
puso demanda exigiendo los cánones impagados por vencer.

▬▬▬ El subarrendatario nunca es un tercero con respecto
al contrato primario entre su subarrendador y el dueño de
la finca. *Díaz v. Delgado*, 41 D.P.R. 835, 839–840 (1931). En
el subarrendamiento el dueño arrendador está tácitamente
representado por su arrendatario. Manresa, *Comentarios al
Código Civil Español*, Tomo 10, Vol. II, pág. 102 y ss., ed.
1969. Por tanto, en todo subarrendamiento realmente concu-
rren tres personas: el arrendador primitivo, el arrendatario
de éste (subarrendador a la vez) y el subarrendatario. ". . .
Todas ellas son necesarias y tienen derechos y obligaciones
en el nuevo contrato, porque no se crea que el subarrendador
se subroga por entero en la consideración del primitivo arren-
dador y que éste desaparece de la escena cuando quien era
antes arrendatario trueca sus papeles por los de propietario
temporal, digámoslo así, en el disfrute de la cosa arrendada y
vuelta a arrendar después a distinta persona. No; si el
subarriendo aparece admitido en el Código español es sobre la
base de la reserva de derechos y facultades al verdadero pro-
pietario de la referida cosa, precisas para asegurar en toda
ocasión sus intereses contra las demasías de un subarrenda-
tario que pudiera escudarse con la idea de que nada pactó con
ese otro interesado y hasta contra las posibles confabulaciones
de subarrendatario y subarrendante en daño de la integridad
de lo arrendado y de las condiciones de su utilización tempo-
ral." Scaevola, *Código Civil*, Tomo 24, 1ª Parte, pág. 486, ed.
1952. Fluye un nexo entre el dueño arrendador y el subarren-

datario presente en los Arts. 1441, 1442 y 1445(2) del Código Civil, (31 L.P.R.A. secs. 4036, 4037 y 4052(2)).(²)

El subarriendo constituye un nuevo y verdadero contrato de arrendamiento entre arrendatario y subarrendatario, los cuales pasan por tales efectos a la categoría respectiva de arrendador y de arrendatario. Scaevola, *Código Civil*, Tomo 24, 1ª Parte, págs. 487 y 493, ed. 1952; Manresa, *Código Civil*, Tomo 10, Vol. II, pág. 83 y ss., ed. 1969.

■ El arrendamiento es un derecho trasmisible por cesión. Manresa, *ibid*, págs. 89–91. Scaevola cita a Dalloz, *Jurisprudence Generale*, quien afirma que dicha cesión coloca al cesionario en lugar del cedente y le integra en el uso y ejercicio de todos los derechos y obligaciones que provienen del arriendo primitivo. Scaevola, *Código Civil*, Tomo 24, 1ª Parte, pág. 493, ed. 1952. Como contrato transmisible lo califica también Bonet y Ramón, *Código Civil Comentado*, pág. 1218.

Siendo el de subarrendamiento entre Uni-Coop y Beech-Nut un contrato con vida propia, la estipulación mediante la cual Blasini relevó a Uni-Coop de su obligación contractual tiene en su cláusula 6ª el claro perfil de una cesión de subarrendamiento de Uni-Coop a Blasini al expresar que éste "asume todos los derechos y obligaciones bajo el citado suba-

---

(²) Art. 1441, Código Civil.

"Sin perjuicio de su obligación para con el subarrendador, queda el subarrendatario obligado a favor del arrendador por todos los actos que se refieran al uso y conservación de la cosa arrendada en la forma pactada entre el arrendador y el arrendatario."

Art. 1442, Código Civil.

"El subarrendatario queda también obligado para con el arrendador por el importe del precio convenido en el subarriendo que se halle debiendo al tiempo del requerimiento, considerando no hechos los pagos adelantados, a no haberlos verificado con arreglo a la costumbre."

Art. 1445(2), Código Civil.

"El arrendatario está obligado:

(1)  .  .  .  .  .  .  .

(2) A usar de la cosa arrendada como un diligente padre de familia, destinándola al uso pactado; y en defecto de pacto, al que se infiera de la naturaleza de la cosa arrendada según la costumbre de la tierra."

rrendamiento con Beech-Nut Life Savers Corp., y releva al deudor [en quiebra] de todos y cualesquiera obligaciones bajo el mismo." El Art. 1065 del Código Civil (31 L.P.R.A. sec. 3029) declara transmisibles todos los derechos adquiridos en virtud de una obligación, y el previo nexo entre Blasini como dueño y Beech-Nut como subarrendataria no es impedimento para que aquél, en vez de un extraño, adquiera por cesión el contrato de subarrendamiento.

Entre Blasini y Uni-Coop, al resolver ésta el contrato de arrendamiento, y establecerse la cláusula favorable a Beech-Nut (subarrendataria) hubo una cesión de contrato por justa causa pues Uni-Coop se liberaba de su obligación arrendaticia a cambio de que Blasini aceptara a Beech-Nut como nuevo arrendatario por el balance de término. A los fines de la obligación contractual de Beech-Nut desprovista de elemento personal y predicada exclusivamente en el disfrute del inmueble por canon y término acordados, ninguna diferencia hace que su posesión y disfrute la obtuviera de un arrendatario o del propio dueño Blasini. La arrendataria Uni-Coop era una intermediaria entre Blasini y la subarrendataria Beech-Nut vinculados previamente por los Arts. 1441, 1442 y 1445(2) del Código Civil. La remoción de Uni-Coop convirtió en directa e inmediata la relación entre el arrendador original y la subarrendataria. Dice Bonet y Ramón: ". . . es admisible la cesión de los derechos que engendra el arrendamiento con arreglo al art. 1112 [1065 PR—31 L.P.R.A. sec. 3029], por constituir sólo una sustitución modificativa, sometida a las reglas generales [de las obligaciones]." *Código Civil Comentado*, pág. 1216.

■ La circunstancia de ser el propio dueño y arrendador original el cesionario del contrato de subarrendamiento no impide y sí viabiliza la cesión que no podrá ser objetada por la subarrendataria Beech-Nut toda vez que por ministerio de ley se halla vinculada al arrendador desde que empezó a disfrutar la finca arrendada.

■ La resolución pactada o terminación de la relación arrendaticia entre Blasini y Uni-Coop no tuvo el efecto de extinguir el subarriendo que subsistió con vida propia, obligatoria en toda su extensión para el primitivo arrendador, y para la subarrendataria Beech-Nut. Hubo sólo una sustitución modificativa bajo el Art. 1065 del Código Civil. Así resulta porque resuelto el arrendamiento primitivo por convención de los contratantes, Blasini tiene que respetar los derechos adquiridos de la subarrendataria Beech-Nut. El principio de bilateralidad impone una recíproca obligación del subarrendatario hacia el dueño en este desarrollo del contrato al que nunca fue extraño.

—O—

Opinión concurrente del Juez Presidente, Señor Trías Monge, con la que concurren los Jueces Asociados, Señores Rigau y Torres Rigual.

San Juan, Puerto Rico, a 26 de enero de 1976

Conforme a los términos de la Ley Núm. 13 de 8 de agosto de 1974, la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico nos certificó la cuestión de determinar la subsistencia o no de un contrato de subarriendo en las circunstancias que a continuación se describen.

En 1967 los señores Blasini le arrendaron a la Federación Puertorriqueña de Cooperativas de Consumo ("Uni-Coop") un solar y almacén por el término de quince años. El 15 de setiembre de 1971 Uni-Coop le subarrendó parte del referido inmueble a Beech-Nut Life Savers Corp. ("Beech-Nut") por un término de cinco años. Algunos meses más tarde Uni-Coop se acogió a un procedimiento de quiebra y se produjo una estipulación, aprobada por la corte, mediante la cual los arrendadores, señores Blasini, y la arrendataria-subarrendadora, Uni-Coop, dieron por terminada la relación contractual entre ellos, a la par que los arrendadores asumieron los derechos y

obligaciones de la subarrendadora Uni-Coop frente a la subarrendataria Beech-Nut.

Los señores Blasini notificaron a Beech-Nut en agosto de 1972 de la aprobación de esta estipulación, reclamándole a su vez el pago de las mensualidades atrasadas. Beech-Nut pagó dichas mensualidades, sin objetar la estipulación o interponer condiciones de ninguna índole. En enero de 1974 Beech-Nut les informó a los señores Blasini un cambio en la razón social de la firma, sin expresar tampoco dudas sobre la vigencia del contrato.

El 10 de abril de 1974, luego de haberle seguido pagando a los señores Blasini los cánones mensuales correspondientes a los dos años siguientes a la estipulación, Beech-Nut les notificó a los señores Blasini que deseaba terminar el contrato entre ellos el día treinta de dicho mes, por haber resuelto mudar sus operaciones de Ponce a San Juan. Los señores Blasini le recordaron a Beech-Nut que su obligación de arriendo se extendía hasta el 15 de setiembre de 1976. Beech-Nut alegó entonces por primera vez que la rescisión del contrato primario entre los señores Blasini y Uni-Coop tuvo por efecto la cancelación automática del subarriendo entre Uni-Coop y Beech-Nut y la creación de un arrendamiento de mes a mes entre Beech-Nut y los señores Blasini. En base a tal teoría, Beech-Nut procedió a desalojar el local y fue objeto de la correspondiente demanda.

No le asiste razón a la subarrendataria Beech-Nut. La quiebra de una subarrendadora no entraña, en primer término, la resolución de los subarriendos por vencer que ésta haya efectuado. *Veve* v. *Fajardo Sugar Growers' Association*, 29 D.P.R. 654 (1921). Véase: 8 Collier, *On Bankruptcy*, 14th ed., 1975, sec. 3.15. La misma regla priva en el caso de quiebra de la subarrendataria. Dalloz, *Encyclopédie Juridique*, 2ᵉᵐᵉ ed., 1975, vol. 1, "Bail", sec. 538; De Page, *Traité Elémentaire de Droit Civil Belge*, 2ᵉᵐᵉ ed., 1951, vol. 4, secs. 750 y 753; Collier, *On Bankruptcy, loc cit.;* Ramírez, *La*

*Quiebra*, Barcelona, 1959, págs. 510–511; II Provinciali, *Tratado de Derecho de Quiebra*, trad. anotada del italiano, Barcelona, 1958, pág. 379.

Debemos en consecuencia analizar, en segundo término, la naturaleza de la estipulación suscrita entre los arrendadores y la subarrendadora para precisar si su efecto fue resolver el contrato entre la subarrendadora y la subarrendataria. La estipulación entre los señores Blasini y Uni-Coop revela perseguir dos propósitos: disolver los nexos contractuales entre la arrendadora y la arrendataria, entidad acogida al procedimiento de arreglo que prescribe el Capítulo XI de la Ley de Quiebras; y la asunción por los señores Blasini de los derechos y obligaciones de Uni-Coop bajo el contrato de subarrendamiento con Beech-Nut. Estos dos elementos de la estipulación deben examinarse separadamente.

Respecto al primer acto, éste representa un ejemplo clásico de confusión de derechos. Se produce la extinción de la obligación al reunirse en una misma persona los conceptos de acreedor y de deudor. 31 L.P.R.A. sec. 3211. La confusión de derechos, no obstante, no provoca la extinción de las obligaciones que pesen sobre un tercero extraño al suceso extintivo. Puig Brutau, *Fundamentos de Derecho Civil*, vol. I, Tomo. 2, 1956, pág. 372.

En lo que concierne al segundo aspecto de la estipulación, estamos ante una cesión de contrato. Aunque el Código Civil no lo regula expresamente, el instituto de la cesión de contrato es desde hace tiempo parte del derecho positivo español. Valls Taberner, *La Cesión de Contratos en el Derecho Español*, Barcelona, 1955, pág. 78. También lo es del derecho puertorriqueño. *Sucn. Mercado Parra v. Srio. de Hacienda*, 92 D.P.R. 710, 715 (1965). Se trata aquí de una cesión a la luz de los criterios firmemente establecidos sobre el particular. Manresa, *Comentarios al Código Civil Español*, 6ª ed. rev. 1969, Tomo 10, vol. 2, pág. 82 y ss. Se cede el contrato con Beech-Nut en

su totalidad, sin alteración de sus términos, y se sustituye simplemente a la subarrendadora.

La extinción de la obligación original no afecta por tanto la vigencia del subarriendo. Lo que borra es la figura de la subarrendadora Uni-Coop, restando una relación directa entre los arrendadores, señores Blasini, y la subarrendataria Beech-Nut.

Independientemente del derecho que pueda o no asistirle a un subarrendatario a repudiar la cesión de su contrato de subarriendo por el subarrendador al arrendador primitivo— asunto sobre el cual no se ha pronunciado nuestra jurisprudencia ni que es necesario resolver aquí—los actos de la subarrendataria Beech-Nut equivalen a su consentimiento a la cesión y continuación del contrato conforme a sus términos. Al notificársele la cesión por Uni-Coop a los señores Blasini, Beech-Nut no reclamó derecho alguno a rescindir, ni les advirtió a los señores Blasini que consideraba que su antiguo contrato de subarriendo había desaparecido, sustituyéndolo un nuevo contrato de mes a mes. Beech-Nut guardó en vez mesurado silencio, siguió ocupando el local, pagó por espacio de dos años los cánones convenidos, les notificó a los señores Blasini de su cambio de nombre y fue sólo al cabo de tan largo tiempo que produjo su teoría de que a su juicio podía desalojar la propiedad antes de expirar el plazo del subarriendo.

La transmisión de derechos puede ser tácita. De Diego, *Transmisión de las Obligaciones*, 1912, pág. 5. En *R. F. Realty Corp.* v. *J. Gus Lallande*, 87 D.P.R. 351 (1963), este Tribunal sostuvo que los actos de una arrendataria equivalían a la prestación de su consentimiento a la prórroga de un contrato por otro término equivalente al convenido anteriormente, rechazando el argumento de que ella se había convertido en arrendataria de mes a mes por no haber notificado su intención de prorrogar como exigía el contrato. En este género de situación, en que la ley no señalaba con entera claridad las normas que regían la cesión, era de rigor que la subarrenda-

taria revelase con prontitud su posición sobre lo sucedido. Callar equivale a consentir cuando el que calla puede y, en el modo corriente de proceder, debe hablar. Castán, *Derecho Civil Español, Común y Foral,* vol. I, tomo 2, 10ª ed. 1963, pág. 655; Santamaría, *Comentarios al Código Civil,* vol. II, 1958, pág. 276. Si derecho alguno tuvo a lo que reclamó dos años más tarde, sus actos equivalieron a una renuncia de ese derecho y a un consentimiento a la cesión. Nadie puede ir contra sus propios actos. *Lausell Marxuach* v. *Díaz de Yáñez,* 103 D.P.R. 533 (1975).

Desde el ángulo de la novación se llega al mismo resultado. Varios tratadistas han tenido dificultades en reconocer la novación modificativa—VIII(1) Manresa, *op. cit.,* 6ª ed. Rev. (1967), 860; IV(1) Puig Peña, *Tratado de Derecho Civil Español,* 349 y ss.; contra: Lozano Berruezo, *La Novación,* Col. Nereo, Barcelona, 135 y ss.; Puig Brutau, *op. cit.,* vol. I, tomo 2, pág. 412; Santamaría, *op. cit.,* vol. II, pág. 163 —pero el derecho puertorriqueño admite expresamente tanto la figura de la novación extintiva como la de la modificativa. Arts. 1110, 1158 y 1157 de nuestro Código Civil, 31 L.P.R.A. secs. 3151, 3242 y 3241. En *Warner Lambert Co.* v. *Tribunal Superior,* 101 D.P.R. 378, 389-94 (1973), este Tribunal resolvió que la novación no tiene que ser necesariamente extintiva y que de hecho no lo es a menos que haya una expresión clara a tales efectos o que la obligación resultante sea del todo incompatible con la original. En el caso de autos las partes no manifestaron el deseo, al ocurrir la cesión, de extinguir el contrato de subarrendamiento. Lo que ocurre es la aceptación de un cambio de sujeto. El hecho de que el consentimiento de la subarrendataria fuese tácito no afecta el análisis del problema. Lozano Berruezo, *op. cit.,* 133 y ss. Los arrendadores sustituyen a la subarrendadora Uni-Coop. No se modificó ningún otro aspecto del subarriendo. Examinado el problema desde el punto de vista de la novación, estamos consiguientemente ante un caso de novación modificativa y no extintiva.

Por las consideraciones anteriores, concurro en que la sustitución de Uni-Coop por los señores Blasini no afectó los términos del contrato de subarriendo.