In the Matter of R. S. GRIST Co., etc., et al., Bankrupt.

In the Matter of Irvin FREEDMAN, Debtor.

In the Matter of Grace FREEDMAN, Debtor.

Nos. 80–2655–CIV–EBD, 80–2657–CIV–JE, 80–2658–CIV–EBD.

United States District Court, S. D. Florida.

Jan. 4, 1982.

Leo Greenfield, North Miami, Fla., for appellant, R. S. Grist Co.

Timothy J. Norris, Miami, Fla., for appellee.

Richard H. M. Maidman, New York City, for Friedman.

Louis Phillips, Miami, Fla., for Interim Trustee.

ORDER

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court on appeal from an Order of the Bankruptcy Court appointing an Interim Trustee over the estates of the R. S. GRIST CO., et al., Irvin Freedman and Grace Freedman, the Debtors. The Order was entered on the 28th day of April 1980, after consideration of an ex parte application advanced by a creditor, Chase Manhattan Bank, N.A. (hereinafter Chase).

The foundation upon which the Debtors seek a reversal of the Order is that the appointment of the Interim Trustee was made without notice or a hearing to the Debtors. Chase counters with the argument, inter alia, that the appointment of the trustee without notice or hearing was justified under the circumstances.

I.

On April 28, 1980, Chase filed before the Honorable Sidney Weaver an involuntary petition against the Debtors under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 et seq. in the United States Bankruptcy Court for the Southern District of Florida. Chase also filed on that date an ex parte motion to appoint an Interim Trustee. The motion was verified by Michael T. Brolly, a Vice President of Chase.

The verified application stated that: 1) the Debtors, primarily through Irvin Freedman, failed to pay the $5 million they had borrowed from Chase; 2) Grist, Irvin Freedman and Grace Freedman were under investigation by the Organized Crime Strike Force of the United States Justice

Department (Chase had been subpoenaed by the Strike Force to testify and produce documents pertaining to loans it made to the Debtors); and 3) Debtor Irvin Freedman admitted in a meeting with Chase on March 31, 1980 that he had no assets and provided no explanation as to the disposition of the loans given him by Chase.

II.

In light of the contents of the application, Judge Weaver found in his Order of April 28, 1980, that irreparable loss to the estate may occur if the Debtors received notice. Hence he concluded that "the appointment of an interim trustee is necessary to preserve the assets of the estate for the Debtors' creditors, specifically, to prevent diversion of assets from the estate without adequate consideration being received therefor."

It is clear that a United States District Court is bound by the bankruptcy Judge's finding of fact unless the facts are clearly erroneous. *In re American Packers Exchange, Inc.*, 449 F.2d 1313 (1st Cir. 1977); *Matter of Crist*, 460 F.Supp. 891, *affd.* 632 F.2d 1226 (1978). There has been no manifestation that the referenced finding of fact is clearly erroneous and consequently they are hereby adopted by this Court.

III.

Section 102 (Rules of Construction), section 303(g) (Involuntary case) and Interim Rule 2001 (The appointment of Interim Trustee Before Order of Relief in a Chapter 7 Liquidation case) are dispositive of the question raised by this appeal.

Section 303(g) provides that a creditor such as Chase may seek from the Bankruptcy Court the appointment of an Interim Trustee to preserve property of the estate after the commencement of an involuntary case under Chapter 7; but only after notice and a hearing. Although section 102 defines "after notice and a hearing", Interim Rule 2001(a) specifically allows an exception to this requirement. Rule 2001(a) declares, in relevant part, that "the applica-

tion (for the appointment of an interim trustee under § 303(g) of the Code) may be granted only after a hearing or notice to the debtor and such other parties in interest as the Court may designate, except that an interim trustee may be appointed without notice on a showing that irreparable loss to the estate would otherwise result."

Thus an application of the applicable rules and law to the facts as found by the Bankruptcy Court reveal that the Interim Trustee was properly appointed. Therefore it is

ORDERED AND ADJUDGED that the Order appointing Interim Trustee by the Court below is hereby AFFIRMED.