Rafael BETANCOURT & Lucy Santiago, personally and in representation of the conjugal society established by them as husband and wife, Plaintiffs-Appellants,

v.

Manuel GARCIA, Jr. and his wife Esther Lizama-De-Garcia & Ignacio Lizama and his wife Adelaida Caratini-De-Lizama and the conjugal societies both couples have established, Vaqueria Del Este, Inc., Defendants-Appellees.

Civ. No. 83–2083CC.

United States District Court,
D. Puerto Rico.

May 15, 1985.

Rodrigo Otero-Suro, Otero-Suro & Otero-Suro, Hato Rey, P.R., for plaintiffs-appellants.

Ralph J. Rexach, Rexach & Pico, Hato Rey, P.R., for defendants-appellees.

## OPINION AND ORDER

CEREZO, District Judge.

■ This is an appeal from the bankruptcy court's judgment of September 28, 1982 dismissing debtor-appellant's pre *Marathon Pipe Line* related adversary proceeding for breach of a lease contract. The contract was executed on October 1979 and consisted in a seven-year lease with option to buy a 178 *cuerda* farm owned by appellants. Although the lease contract and deed were signed by lessees co-appellees Manuel García, Ignacio Lizama and their wives in their individual capacities, the dairy farm which they established on the leased land was, and is being, operated by a corporation controlled by them called Vaqueria del Este, Inc., a nonsignatory to the documents and coappellee herein.[1] Appellants' main argument has been that the operation of the dairy farm by the lessees' corporation constituted á violation of the lease contract's sixth clause which regulates the procedure for subleasing the farm. The bankruptcy court found that no violation was shown and that the lessor's acts amounted to an approval of the operation of the dairy farm by the corporation, precluding them by estoppel from challenging it. Without pointing to any specific errors in the determination of facts or the conclusions of law, appellants propound in general terms that, as a matter of law, if a lessee subleases the property without the lessor's consent when a clause to that effect has been included in the contract, the lessee breaches an essential obligation of the agreement entitling the lessor to rescind it and evict the tenants. We have examined the record and find that the bankruptcy court did not commit clear error in its findings of fact nor were its conclusions contrary to law. *See:* Former Rule 810 now 8013 of the Bankruptcy Rules.

The court did not give credibility to appellant Rafael Betancourt's testimony that he was unaware of Vaquería del Este, Inc.'s role in the dairy farm's operation. It considered the evidence—monthly rental payment checks made by Vaqueria del Este, Inc., an insurance policy in Vaqueria del Este, Inc.'s name and other documents—proved otherwise. It also found that the evidence showed that appellant was made aware from the beginning of the lease relationship that appellees would operate a dairy farm on the property through a corporation.

■ It is within the bankruptcy court's prerogative to evaluate credibility. *See: Darman v. Metropolitan Alarm Corp.,* 528 F.2d .908, 910 (1st Cir.1976); *In Re American Packers Exchange, Inc.,* 449 F.2d 1313, 1314 (1st Cir.1971). Appellants have the burden of proving that the court committed clear error in its factual appreciation *id.* and *In Re Huntington Ltd.,* 654 F.2d 578, 583 (9th Cir.1981); *Matter of Multiponics, Inc.,* 622 F.2d 709, 723 (5th Cir.1980). Here they have clearly failed to do so. The bankruptcy court's findings of fact are supported by the evidence on record.

■ We also find no reason to disturb the bankruptcy court's conclusions of law. The court based its conclusion that the lessor's acts amounted to an acceptance of Vaqueria del Este, Inc.'s operation of the dairy farm on the common law equitable doctrine of estoppel. Its determination of the facts as supporting the requirements of said doctrine was correct. *See: United States v. Georgia Pacific Co.,* 421 F.2d 92, 95–104 (9th Cir.1970). Although appellants did not challenge the application of that doctrine to the facts and although they did not raise the issue of whether some other law was applicable, *see: In Re Pioneer Ford Sales, Inc.,* 729 F.2d 27, 31 (1st Cir. 1984) (party waived issue of conflict of laws by not raising it on appeal), we note

---

1. Appellants had filed an eviction proceeding against the corporation alleging it was occupying the property illegally. The proceeding was removed to the bankruptcy court and consolidated with the breach of contract against the individual appellees.

that the court's conclusion could also have been supported by the Puerto Rican civil law derived, analogous concept of estoppel and *enriquecimiento injusto*. See: *Int. General Electric v. Concrete Builders,* 4 Official Translations of the Opinions of the Supreme Court of Puerto Rico, 1221, 1228–31 (1976) *cited with approval* in *Berrios-Pagán v. Universidad de Puerto Rico,* R–83–529 opinion of January 24, 1985, 85 JTS 6 at p. 3838, *and García-Colón v. Secretary of the Treasury,* 99 PRR 757, 763 (1971); *Silva v. Industrial Commission,* 91 PRR 865, 871–78 (1965). The record also supports the conclusion that appellants' acts constituted a modifying non-extinctive type of novation of the terms of the lease regarding Vaquería del Este, Inc.'s involvement with the farm. See: *Miranda-Soto v. Mena-Ero,* 9, Official Translations of the Opinions of the Supreme Court of Puerto Rico, pp. 628, 634–36 (1980), 109 DPR 473; *Blasini v. Beech-Nut Life Savers Corp.,* 4, Official translations of the Opinions of the Supreme Court of Puerto Rico, at p. 809 (1976) (concurring opinion), 104 DPR 570. In *Llavat Cristy v. Pérez-Pérez,* R–84–66, opinion of April 11, 1984, 84 JTS 29, the Supreme Court of Puerto Rico found that a lessor's failure to object to the subletting of his property constituted an implicit acceptance of it. 84 JTS at p. 3537. There is no need to reject the bankruptcy court's determination to use certain legal principles when the applicable Puerto Rican law would have also supported its conclusions. *Cf. In Re Murphy,* 694 F.2d 172, 175 (8th Cir.1982) (no need to determine if bankruptcy court applied correct principle of law when results would be the same).

Appellants have not mentioned that the bankruptcy court, although concluding that the lease contract remained in force, did not make a specific finding of fact as to their claimed breach for failure to pay property taxes. They requested additional findings of fact from the bankruptcy court but did not request any finding on the property tax issue. They also failed to mention this issue in their post-trial brief. Given this silence, which reveals an abandonment of this claim, appellants have placed themselves in a weak position to raise it now. *See: Evans v. Suntreat Growers & Shippers, Inc.,* 531 F.2d 568, 570 (Emer.Ct.App.1976). In any event, there is sufficient evidence in the record supporting appellees' contention that they forwarded the amounts for the property taxes to the lessors and then deposited them in court. This evidence was not contested by appellants. In fact, when cross-examined, lessor Rafael Betancourt admitted that he did not know if he had ever paid the property taxes of the farm prior to leasing it to appellees, that he would use the funds advanced by lessees for the property tax for other purposes and that lessees had paid him the property tax share sometimes in advance. The only payments he said he did not receive were those deposited in court. However, consignment is a form of payment accepted by Puerto Rican law. *See: P.R.Laws Ann.,* Title 31 Sections 3180–3185. It was incumbent on the lessors to prove that the form of payment used after the relationship deteriorated was deficient and did not constitute compliance with the contract. *See: P.R.Laws Ann.,* Title 31, Section 3261. The record reveals that appellants also failed to meet this burden.

Although generally speaking the bankruptcy court should be allowed to make all the necessary findings of facts to support its conclusions, appellate courts need not remand and may make additional findings themselves when the evidence before it is documentary or if all the facts relied upon to support the particular judgment are in the record before the appellate court and are undisputed. *See: Matter of Legel, Braswell Government Securities Corp.,* 648 F.2d 321, 326, n. 8 (5th Cir. Unit B, 1981); *In Re Belle-Moc, Inc.,* 182 F.Supp. 429, 431, n. 2 (D.Me.1960); *cf. Maxwell v. Mason,* 668 F.2d 361, 362 (8th Cir. 1981) (appellate court decided to review merits of the case even though trial court did not make specific findings because the record sufficiently informed the basis for the trial court's decision on the material

issue presented); *Boston & Maine Corp. v. First Nat. Bank of Boston,* 618 F.2d 137, 143 (1st Cir.1980) (case was decided on appeal notwithstanding lack of specific findings because most of the facts were stipulated or uncontroverted, the decision made the findings obvious and there was no need for findings to assist the appellate court). *See also: Swanson v. Levy,* 509 F.2d 859, 861 (9th Cir.1975) ("failure to make the necessary findings does not require remand if a complete understanding of the issues may be had without the aid of separate findings"). In this case, considering appellants' silence on this matter and the evidence supporting the court's general conclusion that the lessees did not breach the lease contract, we have determined that it is proper to make this additional, specific finding. We find that the lessors also failed to prove that the lessees breached their obligation regarding the property taxes.

Appellants have not advanced any valid reasons, nor has our review revealed any, to reject the bankruptcy court's findings of fact and conclusions of law. The Judgment of September 28, 1982 is, therefore, AFFIRMED. Costs shall be borne by appellants.

SO ORDERED.