In re AMERICAN COLONIAL BROADCASTING CORPORATION, Debtor.

NIGAGLIONI, PALOU & LEDESMA, Appellant,

v.

AMERICAN COLONIAL BROADCASTING CORPORATION, Appellee.

Civ. No. 85–1743 (JAF).

United States District Court, D. Puerto Rico.

April 22, 1987.

**28**

Nigaglioni, Palou & Ledesma, San Juan, P.R., pro se.

Maximiliano Trujillo González, San Juan, P.R., for appellee.

## OPINION AND ORDER

FUSTE, District Judge.

Appellant, the law firm of Nigaglioni, Palou & Ledesma, requests that we review a bankruptcy court decision disallowing legal fees for the period comprising August 10, 1981 through August 31, 1981. Appellant alleges that, even though the Bankruptcy Code and Rules establish that attorneys "will not be retained by the trustee or debtor in possession without court authorization, said statutes do not prohibit a nunc pro tunc appointment and equitable principles override the Bankruptcy Code." *See* Brief of Appellant, docket document No. 3, at 13.

Debtor filed a bankruptcy petition under Chapter 11 on August 10, 1981. It requested from the bankruptcy court authorization to retain appellant law firm "to handle all non-bankruptcy matters, as well as pending suits and other corporate matters." On March 9, 1985, the bankruptcy court authorized payment of fees for the period comprised between August 31, and March 1985 only. The period between the filing date of the bankruptcy proceeding and the motion requesting the court's authorization was disallowed. Appellant claims that during such period, they billed 102 hours of legal work and that they are entitled to payment.

Debtor and other creditors have not opposed the request.

The allowance of post-petition professional fees against a debtor's estate is regulated by 11 U.S.C. sec. 327(a). The clear, established law in this type of conflict is that a professional hired by a debtor without the court's approval may not be compensated. *E.g., In re Whitman,* 51 B.R. 502 (Bankr.Mass.1985); *In re Fountain Bay Min. Co., Inc.,* 46 B.R. 122 (Bankr.W. D.Va.1985); *In re Richland Bldg. Systems, Inc.,* 40 B.R. 156 (Bankr.W.D.Wis. 1984); *In re BSJ Tower Associates,* 35 B.R. 131 (Bankr.D.P.R.1983). As a general rule, an order nunc pro tunc may not be utilized for such purposes. *See In re Lewis,* 30 B.R. 404 (Bankr.E.D.Pa.1983); *In re Mork,* 19 B.R. 947 (Bankr.Minn.1982).

It should be noted that we do not decide that the services were not rendered. What we decide is that the use of nunc pro tunc orders for this sort of thing is a dangerous instrument that should be sparingly used. It is the policy of this court that such procedure is to be seen with caution and with great suspicion. *Cf., In re San Juan Hotel Corp.,* 71 B.R. 413 (D.P.R.1987). Accordingly, appellant's request is DENIED.

IT IS SO ORDERED.