### In re CONCRETERA ABREU, INC., Debtor.

### Bankruptcy No. 81–00244(ANV).

United States Bankruptcy Court,
D. Puerto Rico.

April 13, 1989.

of this title.

Rodrigo Otero Suro, Otero Suro & Otero Suro, Hato Rey, P.R. for debtor.

Metrich Torres, Hato Rey, P.R., U.S. trustee.

Hans Lopez Stubbe, Caparra Heights, P.R., trustee.

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge *.

Heard on March 6, 1989, on the Motion of Otero Suro & Otero Suro for Nunc Pro Tunc Appointment as attorney for debtor, Concretera Abreu, Inc.[1]

In amplification of our decision herein, a statement of the procedural history of the motion is provided. In this 1981 case, Otero Suro & Otero Suro's motion for appointment as attorney for the debtor was filed on August 17, 1988. On October 4, 1988, deeming the motion insufficient in view of the time elapsed between the filing of the case and the instant motion, we requested the movants to submit a written memorandum in support of said motion. On October 5, 1988, the movants complied, but because of the inadequacy of the memorandum, on December 16, 1988, we requested a supplemental memorandum addressing the points we felt were relevant to said motion. On January 26, 1989, the movants filed a motion for an extension of time to file this response, which we granted on January 31, 1989. On February 23, 1989, the movants filed the requested supplemental memorandum. A hearing was held in Puerto Rico on March 6, 1989, on, inter alia, this motion.

The movants, repeatedly, in the original motion, the original memorandum, the supplemental memorandum, and during oral argument, failed to inform the Court of the current decisional law in Puerto Rico regarding the nunc pro tunc appointment of professionals in bankruptcy. Rule 3.3 of the Rules of Professional Conduct specifically imposes such a duty on an attorney.[2] Said duty is particularly significant in this instance where, as is well known to the movants, a visiting judge, who may not be fully aware of the local case law and practice in the applicant's jurisdiction, is administering the case.

Based upon our independent research of the local law, however, we find that recent decisions of the District Court of Puerto Rico and of the Bankruptcy Court, directly on point and controlling in the matter under consideration, are contrary to the arguments and representations of the movants. In *In re American Colonial Broadcasting Corp.*, 74 B.R. 27 (D.P.R.1987), Judge Fuste held that, "[t]he clear, established law in this type of conflict [where an attorney is not appointed by the court as required by 11 U.S.C. § 327(a)] is that a professional hired by a debtor without the court's approval may not be compensated. (Citations omitted). As a general rule, an order nunc pro tunc may not be utilized for such purposes." *Id.* at 28. More recently, and quite coincidentally involving the same law firm in the matter before us, Judge Sara E. De Jesus of the Bankruptcy Court for the District of Puerto Rico, held on July 7, 1988, *In the Matter of Hector L. Urrutia; Freddy Cancel Rodriques d/b/a Muebleria La Favorita del Hogar; Alfredo Garcia Garamendi; Puerto Rico Hotel Corp. d/b/a The Palace Hotel; Guayama Soda Water*, Nos. 74–00170, 84–00861, 85–00655, 85–00169, 83–01473 (Bankr. D.P.R. July 7, 1988), "[o]ur U.S. District Court seems to hold that the Bankruptcy Court does have

---

\* Of the District of Rhode Island, sitting by designation.

1. The law firm of Otero Suro & Otero Suro is composed of attorneys Rodrigo Otero Suro, Rodrigo Otero Bigles and Jose R. Otero.

2. Rule 3.3 of the Rules of Professional Conduct is entitled "Candor toward the Tribunal." *See* page 644 ante.

equitable powers to approve retroactive appointments of professionals, but should invoke the power sparingly." *Id.* at 11 (citing *American Colonial Broadcasting Corp., supra* ).

In response to our inquiry, the reason given by the movants for their failure to seek appointment at the beginning of the case was because of "the usage in this jurisdiction under which counsel filing the petition was automatically considered as debtor's duly appointed and approved counsel." (Movant's Supplemental Response to Order, February 23, 1989.) We accepted the movant's representation, initially, that such was the local practice in Puerto Rico. However, after reviewing the local decisional law, it became obvious that the established practice in this jurisdiction is quite to the contrary. Just one month prior to filing the instant motion, the law firm of Otero Suro & Otero Suro had been informed by Judge De Jesus that "[t]he only reasons proffered by these attorneys charged with knowledge of the law for not obtaining Court appointments are due to either ignorance or because it was not customary at the time the services were rendered to obtain prior appointments. Neither excuse rises to the level of unusual circumstance which would move this Court to enter a retroactive appointment which the U.S. District Court for the District of Puerto Rico mandates should be used sparingly." *In the Matter of Hector L. Urrutia, et al, supra,* at 11.

Since this very applicant was fully aware that neither the Code, nor the Bankruptcy Court or the District Court for the District of Puerto Rico treat the filing of a bankruptcy petition as an operative mechanism for becoming appointed as debtor's counsel (in direct conflict with section 327(a)), the attempt to gain such appointment without disclosing adverse local case law is a clear breach of Rule 3.3 of the Rules of Professional Conduct which provides in relevant part:

**Rule 3.3  Candor Toward the Tribunal**
(a) A lawyer shall not knowingly:

. . . .

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.

Accordingly, upon consideration of all of the above, the Motion for Nunc Pro Tunc Appointment of attorneys for debtor, to the date of the filing of the bankruptcy petition, May 4, 1981, is DENIED, as qualified below. Moreover, we admonish Otero Suro & Otero Suro for failing to disclose the decisional authority regarding such appointments in this jurisdiction, and impose sanctions in the amount of $750 against counsel,[3] because of such a clear breach of their ethical duty. Finally, since Otero Suro & Otero Suro did come before the Court in August, 1988, seeking retroactive appointment while continuing to represent the debtor, and by rendering services, we will deem the firm appointed as counsel for the debtor, effective as of August 17, 1988.

Enter Judgment accordingly.

---

**3.** Based on the circumstances, this sanction is imposed solely against the law firm of Otero Suro & Otero Suro, and is not to be reimbursed by the client. *See, e.g., In re Chicago Midwest Donut, Inc.,* 82 B.R. 943, 950 (Bankr.N.D.Ill. 1988). The $750 should be paid to the Registry of the Bankruptcy Court, for deposit into the general treasury.