**In re DOCTORS HOSPITAL, INC. d/b/a Doctors Hospital, Debtor.**

**Bankruptcy No. B–89–02927 (ESL).**

United States Bankruptcy Court, D. Puerto Rico.

July 24, 1990.

Hector L. Marquez, Hato Rey, Puerto Rico, for debtor.

Sergio A. Ramirez de Arellano, Hato Rey, Puerto Rico, for Creditors' Committee.

William Vidal Carvajal, Hernandez & Vidal, San Juan, Puerto Rico, for Reinaldo Quinones & Co.

Edgar Rodriguez Mendez, Brown, Newsom & Cordova, Hato Rey, Puerto Rico, for Abbott Laboratories Puerto Rico, Inc.

* For the District of Rhode Island, sitting by desig-

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,* Bankruptcy Judge.

Heard on April 6, 1990 on the Amended Application of Reinaldo Quinones & Company, the accountant and external auditor of the debtor, for Nunc Pro Tunc Allowance of Interim Compensation, for accounting services rendered from August 1, 1989 to February 14, 1990. The Creditors' Committee and Abbott Laboratories Puerto Rico, Inc. object to the application, for the reason that Quinones & Co. did not obtain court authorization for its employment prior to rendering said services, as required by 11 U.S.C. § 327(a) and Bankruptcy Rule 2014(a). After hearing evidence and arguments of counsel, the parties were requested to submit further memoranda addressing this Court's authority to enter nunc pro tunc orders.

Based on the arguments presented at the April 6 hearing, the written responses of the Creditors' Committee and Quinones & Co., as well as the case law in this district, and the authorities on the subject generally, we find that Quinones & Co. has not established that the reasons for its delay in filing the required application constitute the type of extraordinary circumstances which would entitle it to nunc pro tunc employment.

While it does not specifically announce a per se rule against nunc pro tunc approval of employment of professionals, the case law in this jurisdiction is unequivocal and imposes a stringent test for its application. "[T]he clear, established law in this type of conflict is that a professional hired by the debtor without court's approval may not be compensated, and that the use of nunc pro tunc orders for this omission is a dangerous instrument that should be sparingly used. It is the policy of this court that such procedure is to be seen with caution and great suspicion." *In re Alfredo Garcia Garmendi and Rosario Franco de Garcia*, 4 D.C.O. 447, 449 (D.P.R.1989) (citing *In re American Colonial Broadcasting Corp.*, 74 B.R. 27, 28 (D.P.R.1987)); *In*

nation.

re *BSJ Tower Assoc.*, 35 B.R. 131 (Bankr. D.P.R.1983); *In re Concretera Abreu, Inc.*, 98 B.R. 642 (Bankr.D.P.R.1989).

■ Quinones & Co.'s arguments in support of its request for nunc pro tunc approval fail to persuade us that the services rendered, over a period of more than seven months, were of such an emergency nature that it should be excused from obtaining court approval of its employment by the debtor, and although it is undisputed that accounting and auditing services were promptly provided to the debtor, the record does not disclose the crisis situation asserted by Quinones, which could relieve it of the responsibility of complying with the mandate of § 327(a). "It is improper for the court to supplant the will of Congress with its own by allowing professionals to avoid the statutory requirement clearly stated in 11 U.S.C. § 327(a) and Bankruptcy Rule 2014(a)." *Garcia Garmendi, supra.*

■ The services performed by Quinones included: (1) providing financial consulting and advisory services to the debtor's Board of Directors and its new management team; (2) preparing financial projections for First Federal Savings Bank for possible refinancing; (3) an audit of the debtor's financial statements; and (4) a compilation of the 1988–1989 financial statements to obtain an exemption of the Christmas bonus. While these services were necessary and undoubtedly beneficial to the debtor in its efforts to reorganize, this does not establish a basis for finding that such services were rendered during an "emergency" which would entitle Quinones & Co. to nunc pro tunc relief.[1] We also reject Quinones' argument that a nunc pro tunc order is appropriate in this instance because the firm was not aware of its legal obligation to submit a § 327(a) application for employment. According to *Garcia Garmendi, supra* "ignorance of the law ... [does not] rise to the level of unusual circumstance which would warrant the issuance of such an order." *Id.* at 449.

Quinones cites a number of decisions which adopt a nine part test for determining whether to grant nunc pro tunc employment, *see, e.g., In re Twinton Properties Partnership*, 27 B.R. 817 (Bankr.M.D. Tenn.1983); *In re Willamette Timber Systems, Inc.*, 54 B.R. 485 (Bankr.D.Or.1985); *In re Martin*, 102 B.R. 653 (Bankr.W.D. Tenn.1989). The guidelines in these cases have not been adopted by the First Circuit, nor by the District of Puerto Rico, however, and we therefore apply the more restrictive and less discretionary criteria espoused in *In re BSJ Tower Association, supra*, and its progeny.[2] *See, e.g., In re American Colonial Broadcasting Corp., supra; Garcia Garmendi, supra.*

Having done so, it is ORDERED that Quinones & Co.'s Application for Nunc Pro Tunc Interim Compensation must be, and is DENIED.

---

1. Although Quinones argues that the debtor's new management requested prompt services, and that the Bank was also pressuring it to prepare financial projections as quickly as possible, these activities are fairly common in the early stages of Chapter 11 cases and do not constitute the type of extraordinary circumstances contemplated for the approval of a nunc pro tunc order.

2. In this matter we are sitting by designation, and in the circumstances feel that the Puerto Rico decisions on the subject should be given special deference. In this regard, we doubt that counsel for the applicant, former Bankruptcy Judge Hernandez, at least in private, can seriously disagree with our ruling, since he is the author of one of the Puerto Rico decisions on which we rely heavily herein—*In re BSJ Towers Assoc., supra.*