# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

### BAP NO.  MB 99-025

---

### IN RE HAROLD A. MEYER,
**Debtor.**

---

### STEPHEN E. SHAMBAN, CHAPTER 7 TRUSTEE,
**Appellant,**

**v.**

### HAROLD A. MEYER, HONORABLE ARMAND FERNANDES, JR.,
### BISIO & DUPONT and ROBERT DIGIANTOMMASO,
**Appellees.**

---

**Appeal from the United States Bankruptcy Court**
**for the District of Massachusetts**
**[Hon. William C. Hillman, U.S. Bankruptcy Judge]**

---

**Before**

**DE JESÚS, VAUGHN and CARLO, U.S. Bankruptcy Judges.**

---

Stephen E. Shamban, Esq. was on brief for appellant.

---

**September 9, 1999**

---

**Per Curiam.**

Stephen E. Shamban ("Shamban"), the Chapter 7 trustee, challenges an Order issued by the United States Bankruptcy Court denying his motion for the post facto employment of the Stephen E. Shamban Law Offices, P.C. as counsel for the estate. We reverse.

## JURISDICTION

The Bankruptcy Appellate Panel has jurisdiction to review final decisions from the United States Bankruptcy Court pursuant to 28 U.S.C. § 158. *See also* Sanford Institution for Savings v. Gallo, 156 F.3d 71, 74 (1st Cir. 1998). The bankruptcy court's legal conclusions are reviewed de novo. Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997). A bankruptcy court's ruling on a motion to approve employment of a professional post facto is reviewed under an abuse of discretion standard. In re Jarvis, 53 F.3d 416, 420 (1st Cir. 1995).

## BACKGROUND

Harold A. Meyer ("Meyer") filed a voluntary petition for relief under Chapter 7 on October 29, 1991. Shamban was appointed as the Chapter 7 trustee. Only three creditors filed proofs of claim. On February 28, 1992, Shamban filed an adversary proceeding against the debtor's ex-wife seeking turnover of certain assets of the estate. Shamban sought approval of Attorney Roger Stanford ("Stanford") as special counsel to prosecute the adversary proceeding. The bankruptcy court approved Stanford's appointment.

2

Meyer died intestate on September 27, 1992. Stanford developed a conflict of interest in the adversary proceeding and Shamban replaced Stanford with Attorney Frederick Watson ("Watson") of Shamban's law offices. Watson initiated two additional adversary proceedings involving the administrator of Meyer's estate and his ex-wife. At that time, Shamban failed to file an application to employ his law offices or Watson as special counsel.

The adversaries were ultimately concluded through a settlement agreement, which was executed by Shamban, the administrator of Meyer's probate estate, Meyer's three creditors and other interested parties. The bankruptcy court approved the settlement agreement and compromise on November 18, 1997. The agreement provided for payment to the three creditors, the payment of Shamban's trustee fees and Watson's fees. After payment to the three creditors, the sum of $21,131.27 remained in the estate. Shamban's final report contained a fee application for Watson's services, consisting of attorney's fees in the amount of $19,459.00 and expenses of $264.54.

The U.S. Trustee opposed the final report, arguing that Shamban failed to file and obtain the bankruptcy court's authorization to employ his law offices as special counsel. In response, Shamban filed an application for employment of his law offices and each of the debtor's three creditors filed motions assenting to the granting of Shamban's motion. On March 23, 1999,

3

the bankruptcy court denied the motion, without a hearing, by margin order stating simply "denied". At the March 25, 1999 hearing on the final report, the bankruptcy court again denied Shamban's request. Shamban filed a timely notice of appeal.

## DISCUSSION

A bankruptcy court may approve a professional's post facto application for employment if the professional can demonstrate that "(1) the employment satisfies the statutory requirements, and 2) that the delay in seeking court approval resulted from extraordinary circumstances." In re Jarvis, 53 F.3d 416, 418 (1st Cir. 1995). In Jarvis, the First Circuit held that "tardiness occasioned merely by oversight cannot qualify as an extraordinary circumstance under the second prong of the aforesaid test." Id.

In explaining the first prong of the two part test, the First Circuit stated:

> A bankruptcy court confronted by a post facto application for the employment of a professional should begin by inquiring into suitability; the timing of the application does not matter unless the court makes a supportable finding that the services were reasonably necessary for the due performance of the trustee's duties, that the professional is licensed or otherwise qualified to render such services, and that the disinterestedness requirements of section 327(a) are not at risk. In other words, the bankruptcy court must satisfy itself that, had the application been filed on time, the court would have authorized the professional's employment then and there.

Id. at 420.

At the hearing held on the final report, the bankruptcy court did not discuss Shamban's suitability for employment. The court

4

did state that Shamban "did a great job."  Hearing Transcript, March 25, 1999 at 2.  The court went on to base its denial of Shamban's motion for post facto approval of his law offices as counsel for the estate, on a conclusion that In re Jarvis "tied" the court's hands.  Id.

Normally, this Panel would remand this case to the bankruptcy court for findings of fact as to Shamban's suitability for employment.  But, since the facts regarding Shamban's suitability for employment are undisputed, and appear in the record before us on appeal, remand is unnecessary and this Panel may pass upon the facts.  *See* In re LaRouche, 131 B.R. 253, 257 (D.R.I. 1991), *aff'd* 969 F.2d 1299 (1st Cir. 1992); Betancourt v. Garcia, 49 B.R. 620, 622 (D.P.R. 1985).  *See also* Texas Co. v. R.O'Brien & Co., 242 F.2d 526, 529 (1st Cir. 1957); In re Legal, Braswell Gov't Sec. Corp., 648 F.2d 321, 326 n. 8 (5th Cir. 1981); King v. Comm'r of Internal Revenue, 458 F.2d 245, 249 (6th Cir. 1972); In re Belle-Moc, Inc., 182 F.Supp. 429, 431 n. 2 (D.Me. 1960).

The uncontested facts show that at the time of Shamban's appointment as trustee for the estate, Shamban filed an Interim Trustee's Acceptance and Declaration, in which he certified that he did not have a conflict of interest with the estate and that he was a disinterested person.  Shamban's motion for post facto employment of his law offices as counsel for the estate is signed by the trustee.  The motion includes the facts showing the necessity for

5

employment; the name of person to be employed; the reasons for selection; the professional services rendered; and the proposed arrangement for compensation. Shamban included an affidavit which attests that Shamban is licensed or otherwise qualified to render the services rendered. The affidavit further attests that neither Shamban, nor any attorney employed by his office, has an interest adverse to the estate, and that they are disinterested. The affidavit also attests that neither Shamban nor any attorney in this office represents any creditor, entity or case related to this case. Having satisfied the requirements of 11 U.S.C. § 327 and Fed.R.Bankr.P. 2014, this Panel concludes that Shamban and his law offices are suitable to be employed as counsel for the estate. The Panel also concludes that had the application been filed on time, the bankruptcy court would have authorized Shamban's employment.

Because Shamban is qualified for employment as counsel for the estate:

> the bankruptcy court must next, in the exercise of its informed discretion, decide whether the particular circumstances attendant to the application are sufficiently extraordinary to warrant after-the-fact approval. See [In re] F/S Airlease II, [Inc.], 844 F.2d at 105 [(3rd Cir.), *cert. denied*, 488 U.S. 852 (1988)] . In fleshing out the extraordinary circumstances requirement, the Third Circuit has indicated that bankruptcy courts may consider several factors, including
>
> > whether the applicant or some other person bore responsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; [and]

6

> the extent to which compensation to the applicant will prejudice innocent third parties....

> Id. at 105-06 (quoting [In re] Arkansas [Co.], 798 F.2d at 650 [(3rd Cir. 1986)].

Jarvis, 53 F.3d at 420-21.

In this case, the bankruptcy court failed to consider the factors outlined in Jarvis. The court initially denied the application for employment without a hearing. When the matter was again raised at the hearing on the final report, the court merely stated that Jarvis "tied" its hands and that it did not have the authority to authorize the employment. Hearing Transcript, March 25, 1999 at 2. This Panel concludes that the First Circuit's opinion in Jarvis authorizes the bankruptcy court to exercise its discretion in determining whether to approve the post facto employment of counsel for the estate.

Moreover, the First Circuit in Jarvis stated that its list of considerations is not exhaustive. Id. at 421. Other courts have enumerated considerations based upon the decision in In re Twinton Properties Partnership, 27 B.R. 817 (Bankr.M.D.Tenn. 1983), in which the court held that an applicant for nunc pro tunc, or post facto, employment of a professional must demonstrate the following:

> (1) The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;
> (2) The party for whom the work was performed approves the entry of the nunc pro tunc order;
> (3) The applicant has provided notice of the application to creditors and parties in interest and has

7

provided an opportunity for filing objections;

(4) No creditor or party in interest offers reasonable objection to the entry of the nunc pro tunc order;

(5) The professional satisfied all criteria for employment pursuant to 11 U.S.C.A. § 327 (West 1979) and Rule 215 of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;

(6) The work was performed properly, efficiently, and to a high standard of quality;

(7) No actual or potential prejudice will inure to the estate or other parties in interest;

(8) The applicant's failure to seek pre-employment approval is satisfactorily explained; and

(9) The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

Id. at 819-820. *See also* In re Martin, 102 B.R. 653, 657 (Bankr.W.D.Tenn. 1989). *But see* In re Doctors Hospital, Inc. d/b/a Doctors Hospital, 117 B.R. 38 (Bankr.D.P.R. 1990)(pre-Jarvis decision holding that the nine factor test for determining whether to approve a nunc pro tunc application for employment is not applicable in the First Circuit).

Concluding that the factors outlined in Jarvis are not exhaustive, and as we previously concluded, that the facts are undisputed, we believe that the best approach is to consider the Jarvis factors as well as the additional factors outlined in Twinton and Martin. Shamban was the person who bore responsibility for applying for the approval of his law offices as counsel for the estate. Shamban did properly seek and obtain court approval for the employment of the former counsel, who subsequently resigned.

8

Shamban was not under time pressure to begin service without approval. Shamban has not given a justification for his failure to seek to employ his law firm in a timely manner. Shamban indicated that he was not aware that an application to employ his firm was not filed until he sought approval of the fees. Thus, it appears that Shamban's failure to seek employment was due to what could be called oversight. Shamban took corrective measures and sought to employ his law offices as soon as he realized that he had not previously sought the bankruptcy court's approval.

As a general rule, in most Chapter 7 cases, payment of administrative expenses, including compensation to professionals and other priorities, prejudices "innocent third parties." Usually, unsecured creditors will receive a smaller distribution on their claims. In the present case, the estate has a surplus. The three unsecured creditors, representing all of the estate's creditors, were paid the full amount of their negotiated claims. Thus, the Panel concludes that there is no prejudice to any innocent third parties.

Shamban expressly contracted with Watson and the Shamban Law Offices to perform the services which were rendered. The creditors stipulated in the settlement agreement that Watson's counsel fees would be paid from the proceeds of the settlement. The bankruptcy court approved the settlement agreement. The U.S. Trustee objected to the final report premised solely on the fact that Shamban did

9

not seek the bankruptcy court's approval prior to providing services. Shamban thereafter filed the motion for post facto employment of his law offices. All creditors and parties in interest were given the opportunity to object to the motion. All of the creditors of the estate explicitly approved entry of the post facto order as demonstrated by the fact that they went as far as to file motions with the bankruptcy court assenting to the post facto employment of Shamban's law offices. In the alternative, the creditors indicated that they were assenting to the disbursement of the funds requested by the trustee in the application for professional fees.

Substantially all of the funds of the estate were generated as a result of the settlement agreement negotiated by Watson. The bankruptcy court found that Shamban did a great job. Hearing Transcript, March 25, 1999 at 2. Based on all of the circumstances of this case, this Panel finds that extraordinary circumstances exist that justify approval of Shamban's application for employment under the Jarvis and Twinton criteria. Furthermore, since all creditors have affirmatively consented to the fees requested by Shamban, which are to be paid from surplus funds, and because the U.S. Trustee did not question the reasonableness of the fees, we will approve Shamban's application for fees and expenses.

**<u>CONCLUSION</u>**

The bankruptcy court erred in concluding that it did not have the authority to authorize Shamban's employment and the bankruptcy court abused its discretion by failing to outline the criteria pursuant to which it denied Shamban's motion.  The bankruptcy court failed to consider whether Shamban's law offices were qualified to obtain post facto approval as special counsel for the estate and whether extraordinary circumstances existed to justify the employment.  Because the uncontested facts demonstrate that Shamban's law offices satisfy the statutory requirements for employment as special counsel for the estate and because extraordinary circumstances exist which warrant post facto approval of Shamban's law offices as special counsel, we reverse the bankruptcy court's order denying Shamban's motion to employ Shamban's law offices as special counsel.  Finally, we hereby approve Shamban's request for attorney's fees in the sum of $19,459.00 and $264.54 in expenses, for a total of $19,723.54.

**SO ORDERED.**

11